IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ASHARA RAMIREZ, an individual, individually and on behalf of all others similarly situated, | **OPINION & ORDER**<br><br>Civ. No. 6:25-cv-00037-AA |
| Plaintiffs, | |
| vs. | |
| DESERT FIRE LLC dba SILVER DOLLAR CLUB; DAMON SHRADER; and DOES 1 through 10, inclusive, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff Ashara Ramirez, individually and on behalf of all others similarly situated, brings this putative collective action against Defendants Desert Fire LLC, Damon Shrader, and Does 1 through 10, for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff moves the Court to conditionally certify a collective action, authorize notice, and equitably toll the statute of limitations. *See* Pl. Mot., ECF No. 28. For the reasons explained below, Plaintiff's Motion, ECF No. 28, is GRANTED in part and DENIED in part.

BACKGROUND

Plaintiff Ramirez, who is now the lead plaintiff, alleges that she worked as a dancer at Defendants' business, Silver Dollar Club, in Eugene, Oregon, "at varying

Page 1 – OPINION AND ORDER

times from approximately May 2021 to June 2024." Pl. Mot. at 1, 3; Ramirez Decl. Ex. 3 ¶¶ 2–3, ECF No. 28-4. Plaintiff alleges that "Defendants misclassified her and other dancers as independent contractors[,]" *id.* at 1, and that "as a result of this misclassification," *id.*, Defendants "fail[ed] to pay dancers any wages," *id.* at 1–2, demanded "kickback fees" ("house fees") "for the ability to work a shift," *id.* at 2, 4, and mandated a "forced tipping policy" that required dancers to tip "DJs, bouncers, and bar staff," *id.*, and to tip "back to the club," *id.* at 2. *See* Ramirez Decl. Ex. 3 ¶¶ 4–12.

Plaintiff alleges that the alleged misclassification and unlawful practices were "common . . . [to] Plaintiff and all other exotic dancers at Silver Dollar." *Id.* at 4; Ramirez Decl., Ex. 3 ¶¶ 6–12. Plaintiff further alleges that Defendants "exercised significant control over how Plaintiff and all other dancers performed[,]" *id.*, including requiring the dancers "to work on a schedule set and managed by Defendants[,]" *id.* "to work a certain number of weekdays in order to be allowed to work . . . on weekends," *id.*, "to perform stage dances [to club customers] as part of their work at the club," *id.*, to seek "permission to leave early during a shift[,]" *id.* at 4–5, and by subjecting dancers to "discipline" for uncompleted shifts, *id.* at 4. *See* Ramirez Decl. Ex. 3 ¶¶ 13–18.

## LEGAL STANDARD

"[A] district court has discretion to determine whether a collective action is appropriate." *Hunter v. Legacy Health*, No. 3:18-cv-02219-AC, 2021 WL 24553, at *4 (D. Or. Jan. 4, 2021).

Under FLSA Section 216(b), "[employee-plaintiffs] may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to the joint litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018); 29 U.S.C. § 216(b).

Unlike a class action, as set out in Rule 23, the FLSA's collective action mechanism is remedial and is "tailored specifically to vindicating federal labor rights." *Campbell*, 903 F.3d at 1112–13; Fed. R. Civ. P. 23(c)(1)(A). And "unlike in the Rule 23 context, the district court in a collective action plays no . . . gatekeeping role[.]" *Id.* at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). The "sole consequence" of preliminary certification in the FLSA context "is the sending of court-approved written notice to workers who may wish to join the litigation as individuals." *Campbell*, 903 F.3d at 1101 (internal quotation marks and citation omitted).

The Ninth Circuit uses a two-step process to determine whether employees satisfy the Section 216(b) requirements to litigate jointly. *Campbell*, 903 F.3d at 1100. First, at the pleading stage, plaintiffs "move for 'preliminary certification' of the collective action, contending that they have at least facially satisfied the 'similarly situated requirement.'" *Id.* "[A] district court's level of consideration is 'lenient,' and 'loosely akin to a plausibility standard, commensurate with the state of the proceedings.'" *Hunter*, 2021 WL 24553, at *5 (D. Or. 2021) (quoting *Campbell*, 903 F.3d at 1109). Second, after discovery is complete, "[t]he employer can move for 'decertification' of the collective action for failure to satisfy the 'similarly situated'

Page 3 – OPINION AND ORDER

requirement in light of the evidence produced to that point." *Campbell*, 903 F.3d at 1109. The district court then takes "a more exacting look at the plaintiffs' allegations and the record." *Id.*

"Party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Campbell*, 903 F.3d at 1117. "As long as the proposed collective's 'factual or legal similarities are material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment.'" *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 948 (9th Cir. 2019) (quoting *Campbell*, 903 F.3d at 1114). A plaintiff can show that potential collective members are similarly situated "by making a modest factual showing that [the plaintiff] and potential plaintiffs were victims of a common policy or plan that violated the law." *Theibes v. Wal-Mart Stores, Inc.*, No. 98–802–KI, 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999). "In other words, a plaintiff need demonstrate only a reasonable basis for a claim the employer acted on a class-wide basis." *Hunter*, 2021 WL 24553, at *5; *Morton v. Valley Farm Transport, Inc.*, No. C 06-2933 SI, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007).

## DISCUSSION

Plaintiff alleges that Defendants willfully violated the FLSA as to her and other similarly situated dancer-employees at Defendants' business, Silver Dollar Club, during the past three years by: failing to pay wages, 29 U.S.C. § 206; demanding illegal kickbacks, 29 C.F.R. § 531.35; unlawfully taking tips, 29 U.S.C. § 203; and mandating forced tipping of other employees, 29 C.F.R. § 531.35. Pl. Mot. at 1.

Plaintiff seeks to conditionally certify a collective class of current and former dancers; to send court-authorized notice to putative collective members; and to equitably toll the statute of limitations.

I.   *Conditional Certification*

Plaintiff alleges that "Defendants misclassified her and other dancers as independent contractors[,]" Pl. Mot. at 1, and that "as a result of this misclassification," *id.*, Defendants "fail[ed] to pay dancers any wages," *id.* at 1–2, demanded "kickback fees," *id.* at 2, 4, and mandated a "forced tipping policy" that required dancers to tip "DJs, bouncers, and bar staff," *id.*, and to tip "back to the club," *id.* at 2. *See* Ramirez Decl. Ex. 3 ¶¶ 4–12. Plaintiff maintains that she and other dancers are similarly situated because they share the same job position, work "at a single business location," "work[] under the same management," and are "subject to the same unlawful policies of misclassification and absconding of tips." *Id.* at 2. Plaintiff asserts that "Defendants' [unlawful] pay practices . . . are substantially standard to all dancers." *Id.* at 3.

Defendants do not object to conditional certification at step one of this process but "reserve their rights to, among other things, move to decertify the class once discovery is complete." Def. Resp. at 2, ECF No. 31.

Plaintiff plausibly alleges that she and other dancers who work at the same business location and under the same management are subject to the same unlawful misclassification scheme and pay and tipping practices. Accordingly, the Court grants Plaintiff's Motion to conditionally certify the collective action.

II.     *Court-authorized Notice*

"A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court." *Campbell*, 903 F.3d at 1100. "The FLSA requires [a court] to provide potential plaintiffs 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012) (quoting *Hoffmann–La Roche*, 493 U.S. 165, 170 (1989). A district court has discretion to "prescrib[e] the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought." *Hoffmann-LaRoche*, 493 U.S. at 169–70. "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Id.* at 174. "To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*

Plaintiff submitted a proposed notice plan including proposed Notice and Consent forms. *See* Proposed Notice, Kristensen Decl. Ex. 1, ECF No. 28-2; Proposed Consent Form, Kristensen Decl. Ex. 2, ECF No. 28-3. Plaintiff proposes a three-year time period for alleged "'willful' violation of the FLSA;" that Defendants "be ordered to produce a list of the dancers to Plaintiff's counsel, within 10 days of an Order, who have worked at Silver Dollar;" that notice issue "via email and text message, as well as U.S. mail, for the dancers for whom that contact information is available;" that text messages include: "Federal Court Approved Text Message for Potential Claim

Page 6 – OPINION AND ORDER

Against Silver Dollar;" that Defendants "be required to post the notice online on their social media accounts and in the dressing rooms at Club and adjacent to the entrance door for any dancer;" that such posted notice be located "in a public location near the public entrance . . . as well as in the dressing rooms (at least 3 by 5 feet, in bright colors at a location agreed to by counsel);" that the Court "set a notice period of at least 90 days;" that Plaintiff be authorized "to mail, email, and text a reminder to all individuals who have not yet opted-in to this matter within 30 days of the first notice mailing." Pl. Mot. at 12–13.

Defendants have several objections to Plaintiff's proposed notice plan.

A.   *Notice Content*

Defendants do not object to a three-year statute of limitations period, although "Defendants reserve their rights to challenge Plaintiff Ramirez's 'willful' claims." Def. Resp. at 10. *See* 29 U.S.C. § 255(a) ("[E]very such action [for FLSA wage violations] shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.").

Defendants object to other aspects of the notice and consent forms as "confusing and misleading." Def. Resp. at 10. First, they object that the forms inaccurately name two different workplaces, "The Nile" and "The Silver Dollar." *Id*. The Court agrees that this error must be corrected before the forms can issue. Second, Defendants object that the notice fails to inform "putative members that there will not necessarily be a favorable ruling in the case." *Id*. The Court agrees.

Page 7 – OPINION AND ORDER

Putative plaintiffs must receive "accurate and timely notice concerning the pendency of the collective action, so they can make informed decisions about whether to participate." *Hoffmann-LaRoche*, 493 U.S. at 170. Putative members must be provided sufficient notice that "any award is predicated on a favorable decision" and that "there will not necessarily be a favorable ruling in the case." *Chastain v. Cam*, No. 3:13-cv-01802-SI, 2014 WL 3734368, at *9 (D. Or. July 28, 2014). The Court agrees with Defendants that the text be changed as follows:

> Current: "If you do not return the enclosed consent form by **[DATE], 2025**, you may not be considered part of this case and may not be able to receive a share of any settlement or judgment that the plaintiffs may obtain under the federal claims in this case."
>
> Revision: "If you do not return the enclosed consent form by **[DATE], 2025,** you will not receive any money or other benefits if there is a settlement or judgment, and you will not be covered by any favorable or adverse rulings in the case."
>
> Current: "In order to participate in the federal claims raised in this case and obtain a portion of any judgment or settlement in the dancers' favor, you must complete and return this consent form to the address below by **no later than [DATE], 2025.**"
>
> Revision: "If you do participate in this case, you will share in the benefits if there is a settlement or judgment, and you will also be bound by any favorable or adverse rulings in the case. To participate in this case and obtain a portion of any judgment or settlement in the dancers' favor, you must complete and return this consent form to the address below by **no later than [DATE], 2025.**"

The parties may change the Court's revision only by conferral and mutual agreement. *See Chastain*, 2014 WL 3734368, at *9 (making similar revisions to notice forms); *Winningham v. Rafeal's Gourmet Diner, LLC*, No. 6:22-CV-00382-MK, 2022 WL 17752377, at *5–6 (D. Or. Dec. 19, 2022) (same).

Page 8 – OPINION AND ORDER

Third, Defendants object that the "notice is . . . misleading because it states, "[t]he plaintiff who initiated this case will work with us to make decisions regarding the progress of litigation." Def. Resp. at 11. Because the plaintiff who initiated this case, Lauren Johnson, is no longer the lead plaintiff, the statement is not accurate. The Court agrees with Defendants that the statement should be corrected as follows:

> "The lead plaintiff will work with us to make decisions regarding the progress of litigation."

The parties may change the Court's revision only by conferral and mutual agreement.

    B.    *Notice Form*

Defendants object that certain aspects of Plaintiff's "notice plan are prejudicial and not tailored towards giving notice to potential claimants." Def. Resp. at 10.

First, Plaintiff requests that the Court order Defendants to produce "a list of the dancers . . . who have worked at the Silver Dollar," including their contact information and the dates they worked at the Silver Dollar. Pl. Mot. at 12. Defendants argue that they should not be required to produce contact information because it would violate employee privacy rights. Def. Resp. at 8. Instead, they propose to hire a third-party claim administrator. *Id.* However, the Supreme Court expressly authorized production of relevant employee contact information for notice purposes. *See Hoffmann-La Roche*, 493 U.S. at 170 (The "discovery [of putative plaintiff-employee names and addresses] was relevant to the subject matter of the action and . . . there were no grounds to limit the discovery under the facts and circumstances of the case."). As to Defendants' privacy concern, although employee contact information requires Plaintiff to act with "professionalism and due diligence

Page 9 – OPINION AND ORDER

. . . none of the information is highly private, protected, or confidential in nature." *Winningham*, 2022 WL 17752377, at *6. And the parties may seek a protective order if desired. The Court declines, however, to order production of the contact information for all current and former dancers. Here, the putative plaintiffs are dancers who work at the Silver Dollar now or who have worked there at any time in the past three years. *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007) (ordering the defendant to disclose "contact information of all potential plaintiffs in the collective action").

Second, "Defendants do not object to notice by mail, email, or text, or *one* mail, email, and text reminder sent on the 30th day of the notice period, but Defendants object to any further unsolicited communications with potential claimants, and also object to any unsolicited phone calls." Def. Resp. at 10 (emphasis in original). The Court agrees that more than one notice and more than one reminder is unnecessary. However, Plaintiff may send that one notice and that one reminder simultaneously by all channels—mail, email, and text—since Plaintiff does not know which contact method might actually timely deliver the notice to any particular member. The Court agrees that any additional *unsolicited* contact of putative members by Plaintiff's attorneys is prejudicial to Defendants. Plaintiff had initially proposed posting a notice on social media but has withdrawn that proposal. Pl. Reply at 2, ECF No. 40.

Third, Defendants object to posting a notice at the Silver Dollar's public entrance because it "will be seen by Defendants' customers and will imply that Defendants' actions were wrongful before Defendants have had a chance to defend

Page 10 – OPINION AND ORDER

against Plaintiff Ramirez's claims." Def. Resp. at 12; *see also* Shrader Decl. ¶ 2, ECF No. 32. The Court agrees that posting at the Silver Dollar's public entrance would unfairly prejudice Defendants and would not serve the purpose of notifying the putative class. *Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, No. 209CV00878PMPGWF, 2009 WL 10693400, at *10 (D. Nev. Sept. 1, 2009) ("Posting the notice in the workplace or publishing it in Defendants' newsletter will . . . distribute the notice to persons who are not in the proposed class. This is likely to cause confusion, including increasing the likelihood that ineligible persons may seek to opt-in to the class."); *Winningham*, 2022 WL 17752377, at *8 ("Posting in public spaces may give the impression that the as-yet unproven allegations against Defendants are true.") (internal quotation marks and citation omitted).

Fourth, Defendants object to "Plaintiff Ramirez's request for a three foot by five[-]foot poster in bright colors in the dressing room[s]" as "inappropriate" due to size. Def. Resp. at 12. The Court agrees that the large size is unnecessary. Any posters shall conform to the FLSA's guidelines for federal and state-mandated workplace posters:

> Reproductions or facsimiles of such Federal or State posters shall constitute compliance with the posting requirements of section 8(c)(1) of the Act where such reproductions or facsimiles are at least 8½ inches by 14 inches, and the printing size is at least 10 pt. Whenever the size of the poster increases, the size of the print shall also increase accordingly. The caption or heading on the poster shall be in large type, generally not less than 36 pt.

29 C.F.R. § 1903.2(a)(3); *see also Hollis v. R & R Restaurants, Inc.,* No. 3:21-CV-00965-YY, 2022 WL 1303263, at *7 (D. Or. May 2, 2022) (explaining that posting

Page 11 – OPINION AND ORDER

notice in a private location such as the performers' dressing rooms "balances plaintiff's aim to reach as many potential members as possible with the business's desire to be free from unfair prejudice" but that a three by five foot poster in conspicuous colors is "unnecessary and excessive").

Finally, Plaintiff proposes, for the first time in her Reply, to post a notice in "the club's locker room" to "affirm . . . that no retaliation will occur." Pl. Reply at 2. The Court declines to approve posting in the club's locker room. Posting in the dancers' dressing rooms is sufficient to notify putative members about the action and about Defendants' assurances that no retaliation will occur. *See* Proposed Notice, Kristensen Decl. Ex. 1, at 1 ("The [Silver Dollar] has given its assurances that you will not be subject to retaliation of any kind by choosing to participate in this case, and you will not be discharged or subject to discrimination in any manner if you chose to exercise your rights under the FLSA.").

### C. *Notice Period*

Plaintiff proposes and Defendants do not object to a 90-day notice period. Pl. Mot. at 9; Def. Resp. at 10.

### III. *Equitable Tolling*

Plaintiff requests that the Court equitably toll the statute of limitations from the date of certification until the end of the notice period, Pl. Mot. at 15, because otherwise "numerous potential collective members will lose their claims due to nothing more than the passage of time[,]" *id.* at 14.

Page 12 – OPINION AND ORDER

Unlike class actions under Rule 23, the statute of limitations for FLSA collective actions is not tolled when the complaint is filed. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (holding that commencement of a class action under Rule 23 tolls the statute of limitations). Instead, the statute of limitations in an FLSA action continues to run for each putative plaintiff until they file a consent form opting into the collective. 29 U.S.C. § 256. But the FLSA is subject to equitable tolling. *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by*, *Hoffmann-La Roche*, 493 U.S. 165 (1989). In general, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant[] or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). "Courts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice." *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1 (N.D. Cal. Apr. 10, 2007).

Defendants oppose equitable tolling because it runs counter to "Congressional design" and because Defendants have not engaged in "wrongful conduct," nor has "Plaintiff Ramirez . . . demonstrated anything special about this case that justifies deviating from Congressional intent." Def. Resp. at 3.

Here, Plaintiff has no control over the time it takes the Court to rule on Plaintiff's motion to certify the collective. And the Court's delay may prejudice putative collective members by foreclosing a remedial action to collect back wages

Page 13 – OPINION AND ORDER

that would otherwise be available to them. "The time required for a court to rule on a motion . . . for certification of a collective action in an FLSA case[] may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13-CV-00298-APG, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013) (quoting *Yahraes v. Restaurant Assocs. Events Corp.*, No. 10–CV–935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. 2011)); *see also Hollis v. R & R Restaurants, Inc.,* No. 3:21-CV-00965-YY, 2022 WL 1656722, at *2 (D. Or. May 2, 2022) (equitably tolling the statute of limitations from the date the briefing was completed until the date the notice issued); *Winningham*, No. 6:22-cv-00382-MK, 2022 WL 18359485, at *2 (explaining that it is "just and appropriate" to equitably toll the statute of limitations from the date of completed briefing until the date the notice issues). Tolling the statute during this period does not prejudice Defendants because they became aware of the putative claims against them at the time the complaint was filed. *See Small*, 2013 WL 3043454, at *3 (citing *Stransky v. HealthONE of Denver, Inc.,* 868 F. Supp. 2d 1178, 1181–82 (D. Colo. 2012)) ("As part of the determination of the possible prejudice to the defendant, the court should ask whether the defendant was aware of the potential scope of liability when the complaint was filed."). Accordingly, the Court determines that it is in the interest of justice to equitably toll the statute of limitations from the date the briefings were completed, May 27, 2025, until the date the notice issues.

## CONCLUSION

For the reasons explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Conditional FLSA Class Certification, Court-Authorized Notice, and Equitable Tolling, ECF No. 28, in accord with this Opinion.

1. Plaintiff's Motion to conditionally certify a collective class is GRANTED.

2. The putative collective class shall consist of current and former dancers who work or have worked at the Silver Dollar at any time since May 27, 2022.

3. Defendant shall provide to Plaintiff's counsel within 10 days of this Order the contact information for any individual who works or has worked as a dancer at the Silver Dollar at any time since May 27, 2022. That information shall include name, last-known mailing address, telephone number including cell/mobile number, email address, work location, copy of driver's license, and dates that the individual worked at the Silver Dollar.

4. Plaintiff's Motion to approve the Notice and Consent Forms is GRANTED in part and DENIED in part. The content of the Notice and Consent Forms shall be revised in accord with this Opinion.

5. The Court authorizes Plaintiff to send the revised Notice and Consent Forms to all putative collective members by regular mail, email, and text and to send one reminder by regular mail, email, and text 30 days after the notice issues and in accord with this Opinion. Plaintiff's attorneys shall have no other unsolicited contact with any putative plaintiff.

6. The Court orders Defendants to post the Notice of this action in all Silver Dollar dancer dressing rooms, but not at any public entrance, in accord with

this Opinion. All such posting shall conform to the FLSA's guidelines for federal and state-mandated workplace posters.

7. The Court orders a 90-day notice period such that each putative plaintiff shall have 90 days from the date on which notice is sent to them to submit a completed "Consent to Join" form to Plaintiff's counsel.

8. Plaintiff's Motion to equitably toll the FLSA three-year statute of limitations is GRANTED in part and DENIED in part. The Court orders that the FLSA three-year statute of limitations be tolled for each putative plaintiff from May 27, 2025, until notice is sent to that putative plaintiff.

It is so ORDERED and DATED this  9th  day of July 2025.

       /s/Ann Aiken
      ANN AIKEN
      United States District Judge